# MORRISON TENENBAUM

MORRISON-TENENBAUM PLLC, ATTORNEYS-AT-LAW M-T-LAW.COM
87 WALKER STREET  2ND FLOOR  NEW YORK  NY  10013
PHONE 212.620.0938  FAX 646.998.1972

May 24, 2023

Via ECF

Hon. Philip Bentley
United States Bankruptcy Court Judge
Southern District of New York
United States Bankruptcy Court
One Bowling Green
New York, NY 10004

Re:     In re Symbiont.io LLC, 22-11620-PB

Dear Chambers:

We represent Symbiont.io LLC, the Debtor in the above-reference chapter 11 case.  On April 19, 2023, the Court So-Ordered a Stipulation approving the Debtor's use of cash collateral [Dkt. No. 41].  On May 13, 2023, the Debtor filed an Amended Stipulation authorizing the use of cash collateral [Dkt. No. 57].  Attached hereto please find a redline showing the changes to between the initial cash collateral stipulation and the revised cash collateral stipulation.

I thank the Court for its kind attention in this matter. Should the Court have any questions or require anything further, please do not hesitate to contact our office.

Respectfully,

/s/ Lawrence Morrison
Lawrence Morrison

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Symbiont.io, LLC, | ) | Case No. 22-11620 (PB) |
| | ) | |
| | ) | |
| Debtor. | ) | |

### AMENDED STIPULATION AND ORDER AUTHORIZING USE OF CASH COLLATERAL AND GRANTING ADEQUATE PROTECTION AND RELATED RELIEF

This amended stipulation (the "Amended Stipulation") is entered into by and among LM Funding America Inc. ("LM Funding"), Symbiont.io, LLC, f/k/a Symbiont.io, Inc. (the "Debtor"), and the United States Trustee, through their respective undersigned counsel.   The Amended Stipulation amends the so-ordered stipulation (the "Stipulation") entered by this Court on April 19, 2023 [Docket No. 48].

WHEREAS, on or around December 1, 2021, the Debtor and LM Funding entered into a certain Secured Promissory Note and Security Agreement (the "Note"), whereby LM Funding agreed to loan the Debtor up to $3,000,000, with a maturity date of December 1, 2022;

WHEREAS, the Note is secured by a lien on substantially all of the Debtor's assets (the "Collateral");

WHEREAS, on December 1, 2022 (the "Petition Date"), the Debtor filed this chapter 11 case (the "Chapter 11 Case");

WHEREAS, as of January 10, 2023, the Debtor owes $2,355,068.49 on account of the Note, including accrued but unpaid interest through January 11, 2023, plus documented legal fees in the amount of $114,078 for a total of $2,470,023.21.

WHEREAS, the Debtor does not dispute and agrees that LM Funding has a valid, perfected, first-priority security interest in the Collateral (the "Prepetition Claim").

WHEREAS, LM Funding filed its *Motion for an Order to Lift the Automatic Stay Pursuant to 11 U.S.C. § 362(d)(1) and Demand for Adequate Protection Pursuant to 11 U.S.C. § 363(e)* [Docket No. 10] (the "Lift Stay Motion");

WHEREAS, the Debtor and LM Funding entered into a stipulation resolving the Lift Stay Motion to the extent certain milestones were met [Docket No. 25] (the "Lift Stay Stipulation");

WHEREAS, the Lift Stay Stipulation provided that the Debtor would not use LM Funding's cash collateral (the "Cash Collateral") without the consent of LM Funding or an order from this Court;

WHEREAS, the Debtor was unable to meet the milestones in the Lift Stay Stipulation and LM Funding submitted a proposed order granting the Motion for Relief on January 26, 2023 [Docket No. 30] (the "Proposed Stay Order"), which has not been entered;

WHEREAS, the Debtor's board of directors, other than Mark Smith, resigned the week of February 13, 2023, and LM Funding submitted a Status Report with this court on February 14, 2013 [Docket No. 32] ("Status Report"), outlining its continued concern regarding management of the Debtor and its ability to maintain and preserve the Collateral;

WHEREAS, the Debtor has indicated funds deposited into the Debtor's DIP Account total approximately $386,000, and LM Funding has worked with Debtor's CEO Mark Smith to ensure LM Funding's Collateral, including maintenance of the source code and related intellectual property, including as to various third-party platforms such as GitHub, is adequately protected;

4895-3395-6444.24864-4740-0802.4

WHEREAS, the Debtor and LM Funding have agreed that the appointment of a chief restructuring officer, specifically Laura Marcero of Huron Consulting (the "CRO"),[1] is in the best interest of creditors and the estate to preserve the Collateral pending a § 363 sale of substantially all of the Debtor's assets (the "Sale");

WHEREAS, the Debtor has insufficient funds that are not LM Funding's Cash Collateral to retain and pay the CRO, and, accordingly, the parties have agreed that the Debtor may use LM Funding's Cash Collateral to pay the reasonable fees and costs of the CRO for services rendered in consummating a Sale, which the parties agree will occur on or before May 831, 2023, as well as the Debtor's counsel's fees and the premium for a director and officer insurance policy (the "D&O Policy"), all in accordance with the budget attached hereto as **Exhibit 1**;

WHEREAS, on or around April 19, 2023, this Court entered an *Order Approving Joint Application for an Order Authorizing the Debtor to Retain Huron Consulting Services LLC to Designate a Chief Restructuring Officer for the Debtor Effective as of March 31, 2023* [Docket No. 47] (the "CRO Order").

WHEREAS, the Debtor's counsel and CRO have agreed to provide LM Funding with an estimate of their costs and fees for each month through consummation of the Sale;

WHEREAS, the parties agree that the use of Cash Collateral as outlined herein is reasonable and necessary to prevent irreparable injury, loss, or damage to the bankruptcy estate;

WHEREAS, in exchange for use of the Cash Collateral, the Debtor agrees to provide a replacement lien and a superpriority claim to LM Funding, which the parties agree is fair and reasonable, proposed in good faith, and reflects the Debtor's exercise of prudent business judgment, and as set forth in this order;

---

[1] As further defined in the application to retain the CRO filed contemporaneously herewith.

WHEREAS, the parties further agree that LM Funding shall have a continued right to credit bid its Prepetition Claim and Adequate Protection Liens (defined herein) pursuant to § 363(k);

WHEREAS, LM Funding has agreed to the Debtor's use of its Cash Collateral solely under the terms set forth herein, and LM Funding reserves all rights to object to the continued use of its Cash Collateral upon the occurrence of an Event of Default, as defined below.

WHEREAS, at the hearing on the initial Stipulation held on April 18, 2023, this Court directed the parties to file a revised stipulation with an updated budget and sale timeline.  In order to do so, the CRO has worked diligently to gain access to the Debtor's accounts to confirm bank account amounts, which took over a week.  The CRO also had to confirm that the amounts in the budget were correct, which took time as well to ensure it is accurate and complete.

NOW, THEREFORE, IT IS HEREBY STIPULATED, AGREED, AND UPON COURT APPROVAL HEREOF, ORDERED THAT:

1.    The Debtor is authorized to use Cash Collateral for the limited purpose of: (a) payment for the reasonable fees and costs of the CRO through consummation of the Sale, subject to Court approval of any fee application; (b) payment of up to $30,000 per month for the reasonable fees and costs of the Debtor's counsel from May and prorated through consummation of the Sale, subject to Court approval of any fee application; (c) payment of the D&O Policy premium of $58,000 60,175 per year; and (d) payments necessary to preserve and maintain the Collateral, subject to LM Funding's approval and not to exceed $6,000 per month, and (e) set aside $20,000 for a chapter 7 trustee in the event of a conversion.

2.      The Debtor shall cooperate fully and provide all information and documents requested by the CRO, and the Debtor and CRO shall take such actions as are necessary to consummate a Sale of substantially all of the Debtor's assets on or before May 831, 2023.

3.      As adequate protection for the use of its Cash Collateral, LM Funding is hereby granted, subject to the Carve-Out (defined below), from and after the Petition Date, (a) an allowed administrative expense claim (the "Administrative Priority Claim") in an amount not to exceed the Debtor's actual usage of the Cash Collateral pursuant to this Order (the "Cash Collateral Usage") with priority over any and all other administrative expenses, adequate protection claims, and all other claims against the Debtor, now existing or hereinafter arising, of any kind whatsoever and asserted by any person or entity whatsoever; and (b) replacement liens and security interests (the "Adequate Protection Liens") in an amount not to exceed the Cash Collateral Usage, in the Debtor's personal property of any kind, including, but not limited to, accounts, intellectual property and proceeds therefrom including as may be  acquired by the Debtors after the Petition Date, specifically including all cash proceeds arising from such personal property acquired by the Debtor after the Petition Date, to the same nature, extent, priority, and validity that any such liens asserted by LM Funding existed on the Petition Date; provided however, the Administrative Priority Claim and Adequate Protection Liens granted herein shall be subordinate to the following (collectively, the "Carve-Out"); (i) quarterly United States Trustee fees pursuant to 28 U.S.C. § 1930(a), together with any interest, if any; (ii) fees payable to the Clerk of the Bankruptcy Court and any agent thereof; and (iii) the fees and expenses of a hypothetical Chapter 7 trustee, in an amount not to exceed $20,000.

4.      As of the Petition Date, the Adequate Protection Liens shall be valid, perfected, enforceable and effective against the Debtor, its successors and assigns, including any trustee or

4895-3395-6444.24864-4740-0802.4

receiver in this or any superseding chapter 7 case, without any further action by Debtor or LM Funding and without the execution, delivery, filing or recordation of any promissory notes, financing statements, security agreements or other documents. Notwithstanding the foregoing, this Order shall be deemed a security agreement and may be filed in connection with a financing statement and the Debtor shall execute and deliver such notes, security agreements, assignments, financing statements and other documents that LM Funding shall reasonably request to further evidence the liens and security interests granted hereby, provided, however, that the validity and priority of such liens and security interests shall not require the filing of such a financing statement.

5.      LM Funding shall have all the rights and remedies of a secured creditor in connection with the Adequate Protection Liens granted by this Order in all collateral.

6.      LM Funding's Prepetition Claim is allowed in full, and LM Funding shall have the right to credit bid its Prepetition Claim and its Adequate Protection Lien (defined herein) pursuant to 11 U.S.C. § 363(k).

7.      The following shall constitute events of default under this Order ("Events of Default"): (a) any material failure to comply with the terms of this Order, including, but not limited to, the requirements of paragraphs 1 and 2; (b) if a Sale is not consummated on or before May 8̶31, 2023; (c) the Debtor fails to provide any information requested by the CRO and LM Funding within a reasonable time after such information is requested; (d) if a trustee or examiner, with authority to affect the operation of the business of the Debtor is appointed in the above-captioned Chapter 11 Case without the consent of LM Funding; (e) if this Chapter 11 Case is converted to a case under chapter 7; or (f) if the Chapter 11 Case is dismissed.

4895-3395-6444.2̶4864-4740-0802.4

8.     The authorization to use Cash Collateral granted herein shall automatically and immediately terminate five (5) business days after the provision of written notice to the Debtor (with a copy of such notice provided to counsel for the Debtor, the creditors' committee, if any, and the U.S. Trustee) of an Event of Default. Upon the occurrence of an Event of Default, the automatic stay provisions of § 362 of the Bankruptcy Code shall be automatically vacated and modified to the extent necessary to permit LM Funding, as applicable, to exercise all rights and remedies provided in this Order, including immediate termination of the Debtor's use of Cash Collateral and request to the Court that it immediately enter the Proposed Stay Order.

9.     The automatic stay under Bankruptcy Code § 362(a) is hereby modified as necessary to effectuate all of the terms and provisions of this Order, including, without limitation, to: (a) permit the Debtor to grant the Adequate Protection Liens and incur the superpriority claims; (b) permit the Debtor to perform such acts as may be needed to assure the perfection and priority of the liens granted herein; (c) permit the Debtor to incur all liabilities and obligations under the terms of this Order; and (d) authorize the Debtor to pay, and the Debtor to retain and apply, any payments made in accordance with the terms of this Order.

10.     Unless otherwise ordered by the Court or extended by written agreement between the Debtor and LM Funding, the Debtor's right to use LM Funding's Cash Collateral hereunder shall commence on the date hereof and expire at 5:00 PM ET on May 31, 2023. Notwithstanding such expiration or other termination, or modification hereof, LM Funding shall be entitled to the liens, priorities and other rights provided herein.

11.     Notwithstanding anything herein to the contrary, this Order is without prejudice to, and does not constitute a waiver of, expressly or implicitly, the rights of a creditors

7

committee, if any, to investigate or challenge the validity, priority, and enforceability of the

Prepetition Claim.

DATED: ~~March 31~~May 12, 2023

MORRISON TENENBAUM PLLC

By:    /s/ *Robert Dakis*
Robert Dakis
Lawrence Morrison
87 Walker Street, Second Floor
New York, New York 10013
Tel: (212) 620-0938
Fax: (646) 390-5095

*Counsel for Symbiont.IO LLC*

FOLEY & LARDNER LLP



By: */s/ Katherine R. Catanese*
Katherine R. Catanese
FOLEY & LARDNER LLP
90 Park Avenue
New York, NY 10016
Telephone: (212) 682-7474
Facsimile: (212) 687-2329
kcatanese@foley.com

*Counsel to the LM Funding, LLC*


Dated: ~~March~~May ___, 2023                    SO ORDERED
            New York, New York

                                                    _____
                                                     United States Bankruptcy Judge

~~4895-3395-6444.2~~4864-4740-0802.4

**<u>EXHIBIT 1</u>**

**BUDGET**

## REVISED CASH COLLATERAL BUDGET[1]

### ~~March 26~~ Week Beginning May ~~18~~ – June 12, 2023

| | 5/8/2023 | ~~3/26-4/25/~~15/2023 | ~~4/3-4/9~~5/22/2023 | ~~4/10-4/16~~5/29/2023 | ~~4/17-4/23~~6/5/2023 | ~~4/24-5/16~~/12/2023 |
|---|---|---|---|---|---|---|
| Beginning Cash Balance | $389,333 | $~~388,000~~329,120 | $~~294,000.00~~323,120 | $~~263,000.00~~323,120 | $~~232,000.00~~323,120 | $~~201,000.00~~323,120 |
| **Disbursements:** | | | | | | |
| Debtor's counsel's fees | | ~~$0.00~~ | ~~$0.00~~ | ~~$0.00~~ | ~~$0.00~~ | $~~30,000~~45,000 |
| CRO fees | | ~~$30,000~~ | ~~$30,000~~ | ~~$30,000~~ | ~~$30,000~~ | $~~30,000~~250,000 |
| D&O Insurance | $60,175 | ~~$58,000~~ | ~~$0.00~~ | ~~$0.00~~ | ~~$0.00~~ | ~~$0.00~~ |
| Operating ~~Cash~~ Disbursements | | $~~6,000.00~~5,000 | ~~$1,000~~ | ~~$1,000~~ | ~~$1,000~~ | $6,000 |
| Reserve for Hypothetical Chapter 7 Trustee | | | | | | 20,000 |
| ~~**TOTAL:**~~ Bank Fees | $40 | ~~$294,000.00~~ | ~~$263,000.00~~ | ~~$232,000.00~~ | ~~$201,000.00~~ | ~~$135,000.00~~ |
| UST Trustee Fees | | $1,000 | | | | $2,000 |
| **Total Disbursements:** | $60,215 | $6,000 | | | | $323,000 |
| **NET CASH FLOW:** | $329,120 | -$~~94,000.00~~323,120 | -$~~31,000.00~~323,120 | -$~~31,000.00~~323,120 | -$~~31,000.00~~323,120 | -$~~66,000.00~~120 |

---

[1] These are estimated budget amounts~~,~~ only.

4895-3395-6444.2

| Summary report: Litera® Change-Pro for Word 10.14.0.46 Document comparison done on 5/19/2023 2:35:40 PM | |
|---|---|
| **Style name:** Default Style | |
| **Intelligent Table Comparison:** Active | |
| **Original DMS:** nd://4895-3395-6444/2/Symbiont_LM Funding Stip re Cash Collateral (with UST Edits).docx | |
| **Modified DMS:** nd://4864-4740-0802/4/Symbiont_LM Funding Amended Stip re Cash Collateral.docx | |
| **Changes:** | |
| Add | 50 |
| Delete | 67 |
| Move From | 0 |
| Move To | 0 |
| Table Insert | 12 |
| Table Delete | 0 |
| Table moves to | 0 |
| Table moves from | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 129 |