UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                              :     Chapter 7
                                                   :
SYMBIONT.IO, LLC,                                  :     Case No. 22-11620-pb
                                                   :
                    Debtor.                        :
---------------------------------------------------------------x

**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
RKC, LLC D/B/A RK CONSULTANTS, LLC, AS ACCOUNTANTS TO THE
CHAPTER 7 TRUSTEE EFFECTIVE AS OF JUNE 8, 2023**

Upon the application, dated June 16, 2023 (the "Application"), of Yann Geron (the "Trustee"), the chapter 7 trustee of the estate of Symbiont.io, LLC (the "Debtor"), the above-captioned debtor, for an order, pursuant to 11 U.S.C. § 327(a), authorizing the retention of RKC, LLC d/b/a RK Consultants, LLC ("RK") as the Trustee's accountants herein effective as of June 8, 2023; and upon the affidavit of Karl Knechtel, CPA in support thereof (the "Knechtel Affidavit"); and it appearing that RK represents no interest adverse to the Trustee, the Debtor, its estate or creditors with respect to the matters for which RK is to be engaged, that RK is a disinterested person as that term is defined in 11 U.S.C. § 101(14), and that its employment is necessary and in the best interests of the estate; and for good and sufficient cause, it is hereby

**ORDERED**, that the Application is granted to the extent provided herein; and it is further

**ORDERED**, that pursuant to 11 U.S.C. § 327(a) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, the Trustee be and he hereby is authorized and empowered to employ and retain RK as the Trustee's accountants herein, effective as of June 8, 2023, on the terms and conditions set forth in the Application and the Knechtel Affidavit; and it is further

**ORDERED,** that RK is authorized to perform the following tasks, among others, on behalf of the Trustee:

(a) Analyzing the financial history of the Debtor as the Trustee and RK consider necessary.

(b) Verifying and evaluating, as necessary, the physical existence of all material assets and liabilities that the Trustee considers necessary.

(c) Analyzing transactions with insiders, related and/or affiliated parties for a period(s) directed by the Trustee, and identify potential preferential transfers, fraudulent conveyances, and/or other potential causes of action.

(d) Identifying and preparing an analysis of all assets and liabilities, that the Trustee considers necessary.

(e) Attending meetings and conferring with representatives of the Trustee and his counsel.

(f) Providing supporting documentation and/or reports to substantiate alleged insider and preferential transfers and/or fraudulent conveyances and present our findings in Court, under oath, if necessary.

(g) Preparing federal, state and local tax returns on behalf of the Trustee.

(h) Performing other services that the Trustee and RK may deem necessary as accountants to the Trustee.

**ORDERED**, that all compensation and reimbursement of expenses to be paid to RK shall be subject to prior application to, and award by, this Court, pursuant to 11 U.S.C. §§ 330 and 331, the Federal and Local Bankruptcy Rules; and it is further

**ORDERED**, that prior to any increases in RK's rates for any individual retained by RK and providing services in this case, RK shall file a supplemental affidavit with the Court and provide ten business days' notice to the Debtor, the Trustee, the United States Trustee and any official committee, provided however, that the terms "increases in RK's rates" and "rate increases" as used herein shall not include annual "step increases" historically awarded by RK in the ordinary course to accountants and para professionals throughout the firm due to advancing seniority and

2

promotion. The supplemental affidavit shall explain the basis for the requested rate increases in accordance with Section 330(a)(3)(F) of the Bankruptcy Code and state whether the professional's client has consented to the rate increase. The United States Trustee retains all rights to object to any rate increase on all grounds including, but not limited to, the reasonableness standard provided for in Section 330 of the Bankruptcy Code; and it is further

*ORDERED,* that, notwithstanding any of the other provisions of the Application, the Knechtel Affidavit or this Order, the United States Trustee and this Court retain all rights to respond and/or object to RK's final request for compensation and reimbursement of expenses pursuant to the reasonableness standard set forth in Section 330 of the Bankruptcy Code, and it is further

*ORDERED,* that in the event of a discrepancy between the terms of this Order, the Application or the Knechtel Affidavit, the terms of this Order shall prevail; and is it further

*ORDERED*, that, notwithstanding any provision to the contrary in the Application or the Knechtel Affidavit, this Court shall retain jurisdiction to hear and to determine all matters arising from or related to implementation of this Order.

Dated:   New York, New York
         July 26, 2023

                                           /s/ Philip Bentley
                                         Honorable Philip Bentley
                                         United States Bankruptcy Judge

**NO OBJECTION:**
Dated:  New York, New York
         June 20, 2023

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By    /s/ Annie Wells
        Annie Wells, Trial Attorney

3