UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re                                                          :        Chapter 7
                                                               :
SYMBIONT.IO, LLC,                                              :        Case No. 22-11620-pb
                                                               :
                        Debtor.                                :
-----------------------------------------------------------------x

**ORDER ESTABLISHING THE DEADLINE FOR FILING PROOFS OF
CHAPTER 11 ADMINISTRATIVE CLAIMS OR INTERESTS AGAINST
DEBTOR AND DESIGNATING FORM AND MANNER OF NOTICE**

Upon the application (the "Application") of Yann Geron (the "Trustee"), as chapter 7 trustee of the estate of Symbiont.io, LLC (the "Debtor"), the above-captioned debtor, pursuant to Rule 3003(c)(3) and 9006 of the Federal Rules of Bankruptcy Procedure and Sections 105(a) and 503(a) of the Bankruptcy Code, for entry of an order fixing a deadline and establishing procedures for filing proofs of chapter 11 administrative claims or interests which arose from December 1, 2022 through June 6, 2023, as specifically described in Sections 503 and 507 of the Bankruptcy Code, but which may include, without limitation: (i) the actual, necessary costs and expenses of preserving the estate after the commencement of the bankruptcy case; (ii) certain taxes and penalties related thereto; (iii) compensation and reimbursement of certain professionals; (iv) the actual, necessary expenses incurred by (a) certain creditors, (b) a creditor, an indenture trustee, an equity security holder, or a committee representing any such entities, in making a substantial contribution to a debtor's chapter 11 case, (c) a custodian, (d) members of certain committees if incurred in the performance of the duties of such committees; or (v) compensation for services rendered by an indenture trustee, and approving the form and manner of service thereof; and it appearing that the relief requested is in the best interests of the Debtor, its estate and creditors; and

that adequate notice has been given and that no further notice is necessary; and after due deliberation and good and sufficient cause appearing therefor, it is hereby

**ORDERED**, that the Application is granted to the extent set forth herein; and it is further

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts and governmental units) that assert a claim, as defined in Section 101(5) of the Bankruptcy Code, against the Debtor which arose on or after the filing of the Debtor's chapter 11 petition on December 1, 2022, through the conversion of the Debtor's case to one under chapter 7 on June 6, 2023 (the "Conversion Date") (the period being the "Chapter 11 Period"), shall file a notice of such claim (a "Chapter 11 Administrative Claim") in writing so that it is received on or before **January 31, 2024, at 5:00 p.m. (Prevailing Eastern Time)** (the "Chapter 11 Administrative Bar Date"); and it is further

**ORDERED**, that the following procedures for the filing of proofs of Chapter 11 Administrative Claims shall apply:

(a) Chapter 11 Administrative Claims must conform substantially to the form attached hereto as Exhibit 2;

(b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system must file their proofs of claim by mailing or delivering the original proof of claim by hand to the Clerk of the United States Bankruptcy Court, Southern District of New York, **One Bowling Green, New York, New York 10004-1408**;

(c) Proofs of a Chapter 11 Administrative Claim will be deemed timely filed only when received by the Clerk of the Court or entered on the Court's electronic docket for the Debtor's case on or before the Chapter 11 Administrative Claims Bar Date;

2

(d) Proofs of a Chapter 11 Administrative Claim must: (i) be signed; (ii) include supporting documentation (if voluminous, attach a summary); (iii) be in the English language; and (iv) be denominated in United States currency; and

(e) If the Chapter 11 Administrative Claim is being asserted by a professional whose retention was authorized by the Court in the Debtor's case, the notice of the Chapter 11 Administrative Claim must be accompanied by an application for allowance of final compensation and reimbursement of expenses in a form permissible by this Court and the Fee Guidelines promulgated by the Office of the United States Trustee. No hearing date should be scheduled on such application, which will be heard by the Court at the final hearing in the Debtor's case, if any; and it is further

**ORDERED**, that the following persons or entities need *not* file a proof of a Chapter 11 Administrative Claim on or before the Chapter 11 Administrative Claims Bar Date:

(a) Any claim as to which the holder has already filed a proof of claim against the Debtor in the above-captioned case in a form substantially similar to Official Bankruptcy Form No. 410 so long as the claimant does not wish to assert such claim against a debtor who was not named in the original claim, in which case another Proof of Claim must be filed;

(b) Any holder of a Chapter 11 Administrative Claim that has already been allowed by order of this Court;

(c) Any person or entity whose Chapter 11 Administrative Claim has been paid in full by the Debtor;

(d) Any holder of a Chapter 11 Administrative Claim for which specific deadlines have previously been fixed by this Court;

(e) Any claim by a debtor against another debtor, or any claim by any of the non- debtor subsidiaries having a claim against the Debtor; and

(f) Any holder of a claim allowable under Sections 503(b) and 507(a)(2) of the Bankruptcy Code that was incurred *after* the Conversion Date; and it is further

**ORDERED**, claims under Section 503(b)(9) of the Bankruptcy Code must be filed by the deadlines set forth in this Order, and it is further

3

**ORDERED,** that any person or entity that holds a Chapter 11 Administrative Claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of this Order, must file such Chapter 11 Administrative Claim based on such rejection on or before the Chapter 11 Administrative Claim Bar Date, and any person or entity that holds a Chapter 11 Administrative Claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of this Order, must file a Chapter 11 Administrative Claim on or before such date as the Court may fix in the applicable order authorizing such rejection; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Trustee or any other party in interest to dispute or assert offsets or defenses to any alleged Chapter 11 Administrative Claim; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), all holders of Chapter 11 Administrative Claims that fail to comply with this Order by timely filing a proof of claim in appropriate form shall not be treated as a creditor with respect to such claim for the purposes of distribution; and it is further

**ORDERED**, that a copy of the Notice substantially in the form annexed hereto as Exhibit 1 is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty-five (35) days prior to the Chapter 11 Administrative Claim Bar Date on:

(a)     the United States Trustee;

(b)     any professional of the Debtor or its estate retained prior to the Conversion Date;

(c)     any professional retained by any duly appointed committee prior to the Conversion Date;

4

(d) all persons or entities that have requested notice of the proceedings in this case;

(e) all persons or entities that have filed claims;

(f) all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Debtor's schedules as holding claims;

(g) all parties to executory contracts and unexpired leases of the Debtor;

(h) all parties to litigation with the Debtor;

(i) the Internal Revenue Service for the district in which the Debtor's case is pending and, if required by Bankruptcy Rule 2002(j), the Securities and Exchange Commission and any other required governmental units; and

(j) such additional persons and entities as deemed appropriate by the Trustee; and it is further

**ORDERED**, that the Trustee is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Trustee to seek a further order of this Court fixing a date by which holders of claims or interests not subject to the Chapter 11 Administrative Claims Bar Date established herein must file such proofs of claim or interest or be barred from doing so.

Dated:  New York, New York
        December 22, 2023

/s/ Philip Bentley
**Hon. Philip Bentley**
**United States Bankruptcy Judge**

**Exhibit 1 to Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re | : | Chapter 7 |
| | : | |
| SYMBIONT.IO, LLC, | : | Case No. 22-11620-pb |
| | : | |
| Debtor. | : | |

-----------------------------------------------------------------x

**NOTICE OF DEADLINE REQUIRING FILING OF CHAPTER 11
ADMINISTRATIVE PROOFS OF CLAIM BY JANUARY 31, 2023**

**TO ALL PERSONS AND ENTITIES WITH POTENTIAL CHAPTER 11 ADMINISTRATIVE CLAIMS AGAINST THE ABOVE-CAPTIONED DEBTOR INCURRED BETWEEN DECEMBER 1, 2022 AND JUNE 6, 2023:**

The United States Bankruptcy Court for the Southern District of New York has entered an Order establishing **January 31, 2024, at 5:00 p.m**. **(Prevailing Eastern Time)** (the "Chapter 11 Administrative Claims Bar Date") as the last date for each person or entity (including individuals, partnerships, corporations, joint ventures, trusts and governmental units) to file a notice of a Chapter 11 administrative claim (a "Chapter 11 Administrative Claim") against the bankruptcy estate of Symbiont.io, LLC (the "Debtor"), the above-captioned debtor.

The Chapter 11 Administrative Claims Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose after the Debtor commenced its case under chapter 11 of the United States Bankruptcy Code on December 1, 2022, and before its case was converted to one under chapter 7 on June 6, 2023 (the "Conversion Date") (the period being the "Chapter 11 Period"), except for the categories of claim listed in Section 4 below that are specifically excluded from the Chapter 11 Administrative Claims Bar Date filing requirement.

1.      **WHO MUST FILE A NOTICE OF CHAPTER 11 ADMINISTRATIVE CLAIM**

You **MUST** file a notice of a Chapter 11 Administrative Claim in order to share in any potential distribution of the Debtor's estate as a holder of a Chapter 11 Administrative Claim if your Chapter 11 Administrative Claim is not one of the types of claim described in Section 4 below. Claims for administrative expenses are specifically described in Sections 503 and 507 of the Bankruptcy Code. Among other things, these sections provide that certain types of claims are entitled to administrative expense priority, including, without limitation: (i) the actual, necessary costs and expenses of preserving the estate after the commencement of the bankruptcy case; (ii) certain taxes and penalties related thereto; (iii) compensation and reimbursement of certain professionals or officers; (iv) the actual, necessary expenses incurred by (a) certain creditors, (b) a creditor, an indenture trustee, an equity security holders, or a committee representing any such entities, in making a substantial contribution to a debtor's Chapter 11 case, (c) a custodian, (d) members of certain committees if incurred in the performance of the duties of such committees; or (v) compensation for services rendered by an indenture trustee. Claims based on acts or omissions of the Debtor that occurred during the Chapter 11 Period must be filed on or prior to the Chapter 11 Administrative Claims Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain during the Chapter 11 Period.

Under Section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2

2.  **WHAT TO FILE**

Enclosed is a proof of claim form for Chapter 11 Administrative Claims (the "Administrative Proof of Claim Form"). All requests for payment of a Chapter 11 Administrative Claim must be signed by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. It should confirm the time period in which the Chapter 11 Administrative Claim arose (December 1, 2022 through June 6, 2023). You should attach any documents on which the Chapter 11 Administrative Claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Claimants may also file a proof of their assertion of a Chapter 11 Administrative Claim on the electronic docket of the Debtor's bankruptcy case in the customary form for notice of such Chapter 11 Administrative Claims.

**Your Administrative Proof of Claim Form must not contain complete social security numbers or tax identification numbers (only the last four digits), a complete birth date (only the year), the name of a minor (only the minor's initials), or a financial account number (only the last four digits of such financial account).**

If the person or entity asserting the Chapter 11 Administrative Claim is an estate professional whose retention was authorized by the Court, they must also file an application for payment that complies with the Bankruptcy Code, Bankruptcy Rules, Local Bankruptcy Rules and the Fee Guidelines promulgated by the United States Trustee by the Chapter 11 Administrative Claims Bar Date. No hearing should be scheduled on such applications, which will be heard by the Court at an appropriate time upon request of the Trustee, if appropriate under the distribution scheme for the Debtor's case.

3.     **WHEN AND WHERE TO FILE**

Except as provided for herein, all Chapter 11 Administrative Proofs of Claim must be filed so as to be received on or before **January 31, 2024, at 5:00 p.m. (Prevailing Eastern Time)**. Attorneys (with full access) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts to the CM/ECF system must file their proofs of claim by mailing or delivering the original Chapter 11 Administrative Proof of Claim by hand to the Clerk of the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004-1408.

Chapter 11 Administrative Proofs Claim will be deemed timely filed only when received by the Bankruptcy Court or entered on the Court's electronic docket for the Debtor's case on or before the Chapter 11 Administrative Claims Bar Date. Chapter 11 Administrative Proofs of Claim may not be delivered by facsimile, telecopy or electronic mail transmission.

**CHAPTER 11 ADMINISTRATIVE PROOFS OF CLAIM SUBMITTED BY FACSIMILE, TELECOPY OR ELECTRONIC MAIL TRANSMISSION WILL NOT BE ACCEPTED AND WILL NOT BE DEEMED TIMELY SUBMITTED.**

4.     **WHO NEED NOT FILE A PROOF OF CLAIM**

You do **NOT** need to file a notice of Chapter 11 Administrative Claim on or prior to the Chapter 11 Administrative Claims Bar Date if the claim falls into one of the following categories:

(a)     Any claim that has already been asserted in a filed proof of Chapter 11 Administrative Claim against the Debtor in the form and manner set forth in this notice;

(b)     Any Chapter 11 Administrative Claim that has previously been allowed by order of the Court;

4

    (c)    Any Chapter 11 Administrative Claim that has been paid in full by the Debtor;

    (d)    Any Chapter 11 Administrative Claim for which a specific deadline has previously been fixed by this Court;

    (e)    Any claim by a debtor against another debtor, or any claim by any of the non- debtor subsidiaries having a claim against the Debtor; and

    (f)    Any claim allowable under Sections 503(b) and 507(a)(2) of the Bankruptcy Code as an expense of administration of the Debtor's estate incurred <u>after</u> the Conversion Date.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid Chapter 11 Administrative Claim. **The fact that you have received this Notice does not mean that you have a claim or that the Trustee, the Debtor, or the Court believe that you have a Chapter 11 Administrative Claim in this case.**

**5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

Any person or entity that holds a Chapter 11 Administrative Claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing such rejection is dated on or before the date of entry of the Chapter 11 Administrative Claims Bar Date Order, must file a proof of such Chapter 11 Administrative Claim based on such rejection on or before the Chapter 11 Administrative Claims Bar Date, and any person or entity that holds a Chapter 11 Administrative Claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the date of entry of the Chapter 11 Administrative Claims Bar Date Order, must file a proof of such Chapter 11 Administrative Claim on or before such date as the Court may fix in the applicable order authorizing such rejection.

5

**6. CONSEQUENCES OF FAILURE TO FILE A NOTICE OF CHAPTER 11 ADMINISTRATIVE CLAIM BY THE CHAPTER 11 ADMINISTRATIVE CLAIMS BAR DATE**

ANY HOLDER OF A CHAPTER 11 ADMINISTRATIVE CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THIS ORDER (AS SET FORTH IN SECTION 4 ABOVE) AND THAT FAILS TO TIMELY FILE A CHAPTER 11 ADMINISTRATIVE CLAIM IN THE APPROPRIATE FORM WILL BE BARRED FROM ASSERTING SUCH CHAPTER 11 ADMINISTRATIVE CLAIM AGAINST THE DEBTOR AND ITS ESTATE, AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM.

**A holder of a possible claim against the Debtor should consult an attorney regarding any matters not covered by this notice, such as whether the holder should file a Chapter 11 Administrative Claim.**

Dated: New York, New York
December __, 2023

GERON LEGAL ADVISORS LLC
*Attorneys for Yann Geron, Chapter 7 Trustee*

By: _____
Yann Geron
Jeannette Litos
Nicole N. Santucci
370 Lexington Avenue, Suite 1101
New York, New York 10017
(646) 560-3224

6

**SYMBIONT.IO, LLC**

United States Bankruptcy Court for the: Southern District of New York

Case number: 22-11620-pb

## Administrative Expense Proof of Claim

Read the instructions before filling out this form. This form is for making a claim for payment of an administrative expense claim in the bankruptcy case of the above-referenced debtor incurred from December 1, 2022 through and including June 6, 2023 (the "Administrative Claim Period"). Do not use this form to make a request for payment of a pre-petition claim (one that was incurred prior to December 1, 2022).

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

### Part 1: Identify the Claim

**1. Who is the current creditor**

_____
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☐ No
☐ Yes   From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Where should notices to the creditor be sent?

Name

Number   Street

City   State   Zip Code

Phone   Email

Where should payments to the creditor be sent? (if different)

Name

Number   Street

City   State   Zip Code

Phone   Email

| | |
|---|---|
| 4. Does this claim amend one already filed? | ☐ No<br>☐ Yes   Claim number on court claims registry (if known) _____<br>Filed on _____<br>MM / DD / YYYY |
| 5. Do you know if anyone else has filed a proof of claim for this claim? | ☐ No<br>☐ Yes   Who made the earlier filing? _____ |

**Part 2:    Give Information About the Claim**

| | |
|---|---|
| 6. Do you have any number you use to identify the debtor? | ☐ No<br>☐ Yes<br>Last 4 digits of the debtor's account or any number you use to identify the debtor:_____ |
| 7. How much is the claim? | $_____.<br>Does this amount include interest, fees, expenses or other charges?<br>☐ No ☐ Yes - Attach statement itemizing interest, fees, expenses, or other charges. |
| 8. What is the basis of the Claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury, credit card.<br>Attach redacted copies of any documents supporting the claim.<br>Limit disclosing information that is entitled to privacy, such as health care information.<br>_____ |

9. **Brief Description of Claim** (Describe the administrative expense claim including, but not limited to, the actual and necessary costs and expenses of operating the Debtor's estate or business)

_____
_____

| | |
|---|---|
| 10. Is this claim based on a lease? | ☐ No<br>☐ Yes - Amount necessary to cure any default as of the date of the petition: $_____ |
| 11. Is this claim subject to a right of setoff? | ☐ No<br>☐ Yes - Identify the property: _____ |

12. **When did this claim arise?** (date when the debt was first owed by the Debtor)

   ☐ Between December 1, 2022 and June 6, 2023


   ☐ Other: _____

8

| Part 3: | Sign Below |
|---|---|
| **The person completing this proof of claim must sign and date it.** | Check the appropriate box:<br><br>☐ I am the creditor<br>☐ I am the creditor's attorney or authorized agent<br>☐ I am the trustee, or the debtor, or their authorized agent<br>☐ I am a guarantor, surety, endorser, or other codebtor<br><br>I understand that an authorized signature on this *Administrative Expense Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this *Administrative Expense Proof of Claim* and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. Executed on date _____<br>                                          MM / DD / YYYY<br><br>_____<br>    Signature<br><br>**Print the name of the person who is completing and signing this claim:**<br><br>Name   _____<br>             First name            Middle name         Last name<br><br>Title     _____<br><br>Company _____<br><br>Address  _____<br>             Number               Street<br><br>            _____<br>             City                  State             Zip Code<br><br>            _____<br>             Phone                 Email |

9