```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re                                          :       Chapter 7
                                               :
SYMBIONT.IO, LLC,                              :       Case No. 22-11620-pb
                                               :
                        Debtor.                :
---------------------------------------------------------------x
```

### STIPULATION AND ORDER ALLOWING LIMITED USE OF
### INSURANCE PROCEEDS BY MARK SMITH FOR EMPLOYEE LITIGATION

This Stipulation and Order (this "**Stipulation**") is entered into by and between Yann Geron ("**Trustee**"), the chapter 7 trustee of the estate of Symbiont.io, LLC ("**Debtor**"), and Mark Smith ("**Smith**," together with Trustee, the "**Parties**").

### RECITALS

**WHEREAS**, on December 1, 2022 ("**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of Title 11 of the United States Code ("**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of New York ("**Court**") commencing the above-captioned bankruptcy case; and

**WHEREAS**, on June 6, 2023 ("**Conversion Date**"), the Debtor's case was converted to a case under chapter 7 of the Bankruptcy Code; and

**WHEREAS**, on June 7, 2023, Yann Geron was appointed as the chapter 7 Trustee of the Debtor's estate and he is currently serving in that capacity; and

**WHEREAS**, prior to the Conversion Date, on or about April 3, 2023, Endurance American Specialty Insurance Company issued to the Debtor that certain Directors and Officers Difference in Conditions Liability policy, bearing policy number ADL30035311500, with a $4 million policy limit ("**Policy**"); and

*WHEREAS*, prior to the Conversion Date, Smith served as the Debtor's Chief Executive Officer; and

*WHEREAS*, following the Petition Date, certain former employees of the Debtor commenced a purported class-action arbitration against the Debtor and Smith seeking to recover alleged unpaid wages and other claims ("**Employee Litigation**"); and

*WHEREAS*, pursuant to Section pursuant 362(a) of the Bankruptcy Code, the Employee Litigation has been stayed against the Debtor; and

*WHEREAS*, Smith wishes to modify the automatic stay to use the Policy proceeds to cover his defense costs incurred in connection with the Employee Litigation, as well as to possibly fund a potential settlement of the Employee Litigation, and has requested that the Trustee agree to lift the automatic stay for only these purposes.

***NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED*** by, between and among the Parties, intending to be legally bound, as follows:

1. The above-stated recitals set forth above in this Stipulation are hereby incorporated by reference as if fully set forth in the Parties agreements and are a part of this Stipulation.

2. Pursuant to Section 362(d) of the Bankruptcy Code, the automatic stay is modified for the limited purposes of permitting Smith to utilize the Policy proceeds to pay his defense costs inncurred by the undersigned counsel, Gordon & Rees Scully Mansukhani, in connection with the Employee Litigation, as well as to possibly fund, a settlement of the Employee Litigation, such settlement subject to (a) the Policy carrier's approval; (b) the Trustee's approval; (c) being proportional and reasonable as compared to the Policy limits; and (d) the additional terms detailed below in this Stipulation.

3. Smith irrevocably consents to the jurisdiction of this Court for all matters related to the Debtor's bankruptcy case that may involve Smith or administration of the Debtor's estate.

4. By the 10th of each month or within five (5) business days of approval by the Policy carrier, Smith or Smith's counsel shall provide the Trustee with a copy of all invoices for the prior month or for the prior billing cycle reflecting the legal fees and expenses incurred in connection with his defense of Employee Litigation.

5. Smith shall provide the Trustee with periodic reports regarding the status of the Employee Litigation as reasonably requested by the Trustee or his various counsel.

6. Within ten business days after the approval of this Stipulation, Smith shall provide the Trustee with a current detailed financial statement in a form to be provided by the Trustee or his counsel. If, at any time during the pendancy of the Debtor's bankruptcy proceeding, there is any material change in Smith's finances, Smith will provide the Trustee with an updated financial statement within ten business days of such material change.

7. In the event that the Trustee or the Debtor's estate are determined to hold valid claims against Smith for a preference, for fraud, or fraudulent conveyance, all monies paid to Smith under the Policy shall remain subject to claw-back by the Trustee except for those monies paid toward (a) settlement of the Employee Litigation that is ultimately approved by the carrier and Trustee, and (b) legal defense costs, including attorneys' fees, in connection with the Employee Litigation, in accordance with this Stipulation. For avoidance of the doubt, any other amounts of the Policy not related to (a) or to (b) in the preceding sentence are and will remain subject to claw-back by the Trustee.

8. This Stipulation is subject to Court approval and shall not be enforceable until such approval is obtained. If Court approval of the Stipulation is not obtained, then the Parties will be returned to the *status quo ante* as if this Stipulation had not been negotiated or executed, unless otherwise directed by the Court.

9. This Stipulation shall be binding upon and inure to the benefit of the Parties hereto and their heirs, executors, administrators, successors, and assigns.

10. This Stipulation and the rights and obligations under this Stipulation shall be governed by and construed and interpreted in accordance with the Bankruptcy Code and the laws of the State of New York. The Court shall retain exclusive jurisdiction over the terms, conditions, interpretations, implementations, and any and all disputes relating to the Stipulation that may arise among and between the Parties.

11. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter of it and supersedes all prior agreements and undertakings between the Parties relating to the subject matter hereof. There are no other covenants, promises, agreements, conditions, or understandings, either oral or written, express or implied, between the Parties, except for this Stipulation with respect to its subject matter. The terms of this Stipulation are contractual and not merely recitals.

12. This Stipulation may be signed in multiple counterparts and by facsimile or email transmission, each of which, when taken together, shall constitute one executed original.

[*Text Continued on Following Page*]

13. This Stipulation shall be deemed to have been jointly drafted by the parties in construing and interpreting this Stipulation. No provision shall be construed and interpreted for or against any of the parties because such provision or any other provision of the Stipulation was prepared or requested by such party.

| | |
|---|---|
| Dated: New York, New York<br>December 4, 2024 | Dated: New York, New York<br>December 4, 2024 |
| **GORDON & REES SCULLY MANSUKHANI** | **MORRISON COHEN LLP** |
| By: */s/ Ryan Sestack*<br>    Ryan Sestack, Esq.<br>    Talysia Francis, Esq. | By: */s/ Heath D. Rosenblat*<br>    Joseph T. Moldovan, Esq.<br>    Edward P. Gilbert, Esq.<br>    Heath D. Rosenblat, Esq. |
| One Battery Park Plaza, 28th Floor<br>New York, New York  10004<br>(212) 269-5500<br>rsestack@grsm.com<br>tfrancis@grsm.com | 909 Third Avenue, 27th Floor<br>New York, New York  10022<br>(212) 735-8600<br>jmoldovan@morrisoncohen.com<br>egilbert@morrisoncohen.com<br>hrosenblat@morrisoncohen.com |
| *Counsel for Mark Smith* | *Special Litigation Counsel for Yann Geron, Chapter 7 Trustee* |

**IT IS SO ORDERED**

Dated:  December __, 2024
       New York, New York

_____
HONORABLE PHILIP BENTLEY
UNITED STATES BANKRUPTCY JUDGE

5